In re LINCOLN AVENUE & CRAW-FORD'S HOME FOR THE AGED, INC., Debtor-in-Possession.

Bankruptcy No. 93–10415.

United States Bankruptcy Court, S.D. Ohio, W.D.

March 2, 1994.

Peter J. Strauss, Cincinnati, OH, for Wesley Hall.

Robert A. Goering, Cincinnati, OH, for debtor.

## ORDER RE DISCLOSURE STATEMENT AND BALLOT

BURTON PERLMAN, Chief Judge.

The debtor in this Chapter 11 case is a nonprofit corporation which operates a nursing home. Competing plans have been presented, one by present management, and one by Wesley Hall, another nonprofit entity which is interested in operating the facility. Debtor and Wesley Hall have presented a single disclosure statement which generally suffices to provide the adequate information required by 11 U.S.C. § 1125 with respect to both proposed plans. Before we can approve the joint disclosure statement, however, we must resolve a question regarding the permissibility of listing the Board of Trustees of debtor as a class for voting purposes in the disclosure statement, plan, and ballot.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(A).

In its seconded amended plan, debtor at Article II provides for classification of claims and interests. It lists as Class VI "interest of the present Board of Trustees," though it does not elsewhere make any provision regarding treatment of this class. Further, the ballot which has been presented lists the said Class VI as a voting class. In the joint disclosure statement, Wesley Hall comments "that because the Trustees are not equity security holders, they have no interest as defined by the Code, and therefore are not entitled to vote for or against the Plan of Wesley Hall (or Debtors Plan)."

Memoranda have been provided to the court on the issue by debtor and by Wesley Hall. Essentially, it is the position of debtor that the Board of Trustees is entitled to vote because it "represents the membership of the nonprofit corporation." Because it nowhere states who the "members" are, we assume that debtor's position is that who the actual members might be is irrelevant, and the Board holds the interest of the membership whether or not a membership actually exists. Debtor relies upon *In re Mandalay Shores Cooperative Housing Ass'n,* 53 B.R. 609

(Bankr.M.D.Fla.1989). Debtor claims that that case provides precedent for the proposition that members of a nonprofit corporation are entitled to vote on a Chapter 11 plan.

■ Wesley Hall, for its part, asserts that the Board of Trustees is neither a creditor, nor an indenture trustee, nor an equity security holder, and therefore does not hold a voting interest, referring us to 11 U.S.C. § 501 and F.R.B.P. 3003(c) in support of this assertion.

The Bankruptcy Code at 11 U.S.C. § 1126 deals with the subject of those entitled to accept or reject a plan. Section 1126(c) deals with acceptance by creditor classes. Nowhere is it asserted that the Board is a creditor, and so § 1126(c) cannot here come into play. The only other kind of class contemplated in § 1126 is a class of interests, as provided at § 1126(d). In order to be entitled to vote, the Board must constitute a class of interests.

■ It is well understood that in a for-profit corporation, the usual class of interests is the stockholders of the corporation. Debtor is contending, in effect, that in a nonprofit corporation there must be some class which holds the equivalent interest of a stockholder in a for-profit corporation, and the Board represents that class. This court is unwilling to make that assumption. It is the very essence of a nonprofit corporation that there not exist any interest in it equivalent to a stockholder in a for-profit corporation who stands to profit from the success of the enterprise. Ohio Revised Code § 1702.01(C) expressly prohibits such an interest in a nonprofit corporation.

*Mandalay Shores* does not persuade us otherwise. In that case, the court held that former members of a nonprofit cooperative housing association were creditors, and therefore were entitled to vote on the debtor's plan. 53 B.R. at 614. The former members had purchased memberships which were to be used in payment of the subject property. *Id.* at 611. A critical distinction between *Mandalay Shores* and the case before this court lies in the fact that the plan in *Mandalay Shores* provided for a distribution to the creditor former members in order to satisfy their claims. There is not in the picture before us any basis for contending that the persons on debtor's Board of Trustees are creditors of the debtor. *Mandalay Shores* is therefore not here in point.

Because the Board of Trustees of debtor does not occupy the position of either an equity security holder, a creditor, or an indenture trustee holding an allowed claim against the debtor, it may not comprise a voting class in this case.

A further amended joint disclosure statement, debtor's plan, and ballot, consistent with the foregoing holding, shall promptly be filed with the court.

So Ordered.